# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

TEMECHE ABEBE,

Petitioner,

v.

IMMIGRATION CUSTOMS AND
ENFORCEMENT (ICE), et. al.,

Respondents.

Case No.:  26-cv-0220-BJC-SBC

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Temeche Abebe, a citizen of Ethiopia, entered the United States on June 27, 2025, to seek asylum.  ECF No. 13 at 1; ECF No. 15-1 at 4.[1]  He was taken into custody and transferred to the Otay Mesa Detention Center.  ECF No. 13 at 1.  After receiving a positive credible fear determination, the Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear, which initiated removal proceedings.  *Id*.; ECF No. 15-1 at 10.  Petitioner's merits hearing is scheduled for May 26, 2026.  ECF No. 13 at 2.

---

[1] Page numbers refer to those generated by the Court's CM/ECF system.

1

On January 9, 2026, Petitioner, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 without paying the filing fee or moving to proceed *in forma pauperis*.  ECF No. 1.  This Court issued an order directing Petitioner to show cause why the petition should not be dismissed for failure to satisfy the filing fee requirement.  ECF No. 2.  On February 11, 2026, Petitioner filed proof of the payment of the filing fee.  ECF Nos. 6, 7.  On February 18, 2026, this Court discharged the order to show cause, conditionally appointed Federal Defenders of San Diego, Inc. as counsel, set a briefing schedule, and issued a limited stay to preserve the *status quo*.  ECF No. 8.  The Court issued an amended briefing schedule on March 4, 2026.  ECF No. 10.  Petitioner filed an amended petition on March 11, 2026.  ECF No. 13.  Respondents filed a return on March 20, 2026, and Petitioner filed a traverse on March 24, 2026.  ECF Nos. 15, 16.

## LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States.").  Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States.  *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## DISCUSSION

Petitioner asserts his prolonged detention violates his right to due process.  He seeks an order for his immediate release because immigration judges' neutrality at bond hearings have been compromised.  Respondent argues Petitioner's claims are barred by 8 U.S.C. § 1252(g), and he is lawfully detained.

### I.  Jurisdiction

Respondent contends Petitioner's claims arise from DHS's decision to commence removal proceedings and, therefore, his claims are jurisdictionally barred pursuant § 1252(g).  ECF No. 7 at 4-5.  Congress explicitly divested the court of jurisdiction over

claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g). The provision is read narrowly and does not apply to every decision or action that may be a part of the deportation process, only those involving the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders. *Ibarra-Perez v. United States,* No. 24-631, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (citing *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471 (1999)). Challenges to unconstitutional practices and policies that do not arise from the Attorney General's decision to commence proceedings, adjudicate cases or execute removal orders, but are merely collateral to those, are not subject to § 1252(g). *Walters v. Reno*, 145 F.3d 1032, 1052 (9th Cir. 1998) (citing *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 492 (1991)).

Petitioner's claim, which challenges his detention as unconstitutionally prolonged, is merely collateral to, but does not arise from the decision to commence and adjudicate proceedings. *See Nguyen v. Fasano*, 84 F. Supp. 2d 1099, 1104 (S.D. Cal. 2000) ("Petitioners' challenge to their indefinite detention is [ ] distinct from a petition that seeks review of the bond determination itself."); *Alikhani v. Fasano*, 70 F. Supp. 2d 1124, 1126 (S.D. Cal. 1999) ("[A] challenge to the constitutionality of confinement pending deportation does not address any discretionary action by the Attorney General, and "does not implicate the three categories of unreviewable decisions specified in § 1252(g)."); *Diaz-Zaldierna v. Fasano*, 43 F. Supp. 2d 1114, 1117 (S.D. Cal. 1999) ("The propriety of holding petitioner without any possibility of release on bail is distinct from a 'decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders.'"). Accordingly, § 1252(g) does not deprive this Court of jurisdiction to hear Petitioner's claims.

## II. Merits of the Petition

Petitioner argues his detention has become unconstitutionally prolonged and, therefore, he is entitled to release or a bond hearing. Respondents argue the only process

due Petitioner is that afforded by 8 U.S.C. § 1225(b), which requires mandatory detention. Even if the Court infers a constitutional right against prolonged mandatory detention, Respondents argue Petitioner's detention of nine months falls short of the length courts have found raise due process concerns.

Many district courts addressing habeas petitions asserting claims based upon mandatory detention have determined that prolonged detention without a bond hearing violates due process rights. *See Gao v. LaRose*, 805 F. Supp. 3d 1106, 1110 (S.D. Cal. 2025) (listing cases). Additionally, the Supreme Court and the Ninth Circuit have recognized that indefinite prolonged detention of an alien raises due process concerns. *Zadvydas v. Davis*, 533 U.S. 678, 690, (2001) ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem."); *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so."). Accordingly, this Court finds prolonged detention without a bond hearing raises due process concerns that are inextricably linked to the length of incarceration.

Petitioner argues his detention is unconstitutionally prolonged pursuant to the factors in *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019). Respondent addresses the three-factor balancing test from *Lopez v. Garland*, 631 F. Supp. 3d 870 (E.D. Cal. 2022), in support of their argument that Petitioner is lawfully detained. The Court finds the multi-factor test from *Banda*, which includes the three factors from *Lopez*, is more suitable to determine the possible constitutional implications of Petitioner's ongoing detention without process. The *Banda* test considers

> the (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.
>
> *Id*. at 1106.

25-cv-0220-BJC-SBC

Petitioner has been in custody for just over nine months. While not a bright line rule, generally, courts "become extremely wary of permitting continued custody absent a bond hearing" after a petitioner is detained past a year. *Yagao v. Figueroa*, No. 17-cv-2224-AJB-MDD, 2019 WL 1429582 at *2 (S.D. Cal. Mar. 29, 2019) (quoting *Muse v. Sessions*, No. 18-CV-0054 (PJS/LIB), 2018 WL 4466052, at *4 (D. Minn. Sept. 18, 2018)). Petitioner's detention is less than that timeframe. As such, this factor weighs against finding Petitioner's detention implicates due process concerns.

Additionally, the likely duration of future detention is neutral. Petitioner's individual merits hearing is set for May 26, 2026. Depending on the result, however, there may be an appeal. Petitioner would likely remain in detention throughout the appeal. Next, Petitioner is detained at Otay Mesa Detention Center, where conditions "are not dissimilar to criminal confinement." *Gao*, 805 F. Supp. 3d at 1111. As such, this factor weighs in Petitioner's favor. Also, because neither party has caused unreasonable delays, the delay factors are both neutral. Finally, the Court is without sufficient information to determine whether Petitioner's proceedings will result in removal. As such, the final factor is neutral. On balance, the factors do not demonstrate Petitioner's ongoing detention is unreasonable, such that due process requires a bond hearing. *Banda*, 385 F. Supp. 3d at 1118.

Accordingly, the Court DENIES the Petition for Writ of Habeas Corpus. The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated: April 7, 2026

Honorable Benjamin J. Cheeks
United States District Judge

25-cv-0220-BJC-SBC